FILED
June 24, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003590223

**BRYAN CAVE LLP**
H. Mark Mersel, California Bar No. 130382
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100
E-Mail: mark.mersel@bryancave.com

Attorneys for ROSEVILLE PORTFOLIO MSCI 2006-HQ8 LLC

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>FAIRWAY COMMONS II, LLC,<br><br>Debtor. | Case No. 11-35255<br><br>Chapter 11<br><br>Assigned to Hon. Christopher M. Klein<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)**<br><br>Date: June 28, 2011<br>Time: 11:00 a.m.<br>Place: Courtroom No. 35, 6th Floor<br>501 I Street<br>Sacramento, CA |

IR01DOCS\494927.2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR RELIEF FROM STAY; CHAPTER 11 CASE

Roseville Portfolio MSCI 2006-HQ8 LLC ("Roseville"), by and through counsel undersigned, respectfully submits the following Memorandum of Points and Authorities in support of its Emergency Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) ("Motion").

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

2. Venue of these proceedings and the Motion is proper in this District pursuant to 28 U.S.C. § 1409.

3. The statutory bases for the relief requested are 11 U.S.C. §§ 105 and 362(d).

## II. STATEMENT OF FACTS

4. On June 20, 2011 at 10:36 a.m. ("Petition Date") [DE #1], Fairway Commons II, LLC, the above-captioned debtor and debtor-in-possession ("Debtor"), filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, thereby commencing this bankruptcy case.

### A. The Loan.

5. On or about February 15, 2006, Debtor and other affiliated parties borrowed the principal amount of $46,100,000.00 ("Loan") from Morgan Stanley Capital, Inc. ("Original Lender").

6. The Loan is evidenced by, among other things, an Amended and Restated Promissory Note ("Note") dated February 15, 2006, and executed by Debtor and other affiliated parties in favor of Original Lender.

7. The Note is secured by, among other things, that certain Amended and Restated Deed of Trust and Security Agreement ("Deed of Trust") dated February 15, 2006 executed by Debtor for the benefit of Original Lender, and recorded on February 15, 2006 in the Official Records of Placer County, California as Instrument No. 2006-0016592, which granted to the Original Lender a first position lien against that certain real

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

property more particularly described on Exhibit A attached thereto and located at 10241-10271 Fairway Drive in Roseville, California ("Property").

8. Pursuant to allonges to the Note and assignments of beneficial interest of deed of trust, Roseville is the current owner and holder of the Loan Documents.

9. The Debtor and the other borrowers defaulted in their obligations under the Note by failing to make the required payments due thereunder beginning in December 2008 and continuing on each consecutive month thereafter.

10. Due to the defaults under the Note, the lender accelerated the Note on February 6, 2009 and initiated a non-judicial foreclosure sale of the Property that was duly noticed for June 20, 2011 at 10:00 a.m.

### B. Foreclosure Of The Property And The Debtor's Bankruptcy Filing.

11. First American Title Insurance Company ("First American") served as trustee under the Deed of Trust, and contracted with Priority Posting and Publishing ("PPP") to conduct the foreclosure sale of the Property.

12. On June 20, 2011, Dan Dawson of PPP held the foreclosure sale of the Property and accepted Roseville's credit bid as the last and highest bid at 10:14 a.m., at which time foreclosure sale became final.

13. The Debtor thereafter filed its bankruptcy petition on the same day at 10:36 a.m., 22 minutes after completion of the trustee's sale.

14. Despite the fact that the trustee's sale was final prior to the Debtor's bankruptcy filing and that the Debtor has no interest in the Property, First American refuses to issue and record the trustee's deed upon sale of the Property without an order from the Court granting relief from the automatic stay or otherwise permitting the issuance and recordation of the trustee's deed.

15. Under relevant California law, a trustee's sale becomes perfected as of 8:00 a.m. on the actual date of the sale if the trustee's deed upon sale of the property is recorded within 15 calendar days after the sale. Accordingly, Roseville requests the relief requested

herein so that the trustee's deed upon sale will be recorded on or before July 5, 2011 to properly perfect the trustee's sale.

## III. ARGUMENT

California law provides that a trustee's sale is completed upon the acceptance of the highest and best bid at the sale, and that such sale is perfected as of such date so long as the trustee's deed is recorded within 15 days. In particular, California Civil Code § 2924h(c) provides, in relevant part:

> [T]he trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 15 calendar days after the sale . . . .

Cal. Civ. Code § 2924h(c). California's legislature enacted this provision to avoid the "race to the courthouse" by clarifying that a pre-petition trustee's sale is not invalidated by a bankruptcy filing prior to recordation of the trustee's deed. *See In re Engles*, 193 B.R. 23, 27 (Bankr. S.D. Cal. 1996) (citing legislative history); *see also In re Bebensee-Wong*, 248 B.R. 820, 822 (B.A.P. 9th Cir. 2000) (noting legislature's response to frustration over "race to the courthouse").

As set forth below, case law interpreting Section 2924h(c) clearly provides that post-petition recordation of a trustee's deed to perfect a pre-petition trustee's sale does not violate the automatic stay. Furthermore, to the extent such an act could be deemed a violation of the automatic stay, stay relief is appropriate for cause. Accordingly, the Motion should be granted.

### A. Issuance And Recordation Of The Trustee's Deed Does Not Violate The Automatic Stay.

Generally, the post-petition perfection of a transfer of an interest in property of a debtor violates the automatic stay. Section 362(b)(3) of the Bankruptcy Code, however, provides an exception to the automatic stay for acts to perfect an interest in property that would prevail over the trustee's avoidance powers under Section 546(b). *See* 11 U.S.C. §
IR01DOCS\494927.2

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR RELIEF FROM STAY; CHAPTER 11 CASE

362(b)(3). Section 546(b), in turn, provides that a trustee's avoidance powers are subordinate to "any generally applicable law that . . . permits perfection of an interest in property to be effective against any entity that acquires rights in such property before the date of perfection . . . ." *Id.* § 546(b)(1)(A). Accordingly, an act to perfect a transfer of an interest in property of the debtor does not violate the automatic stay if any generally applicable law permits such an act of perfection to be effective against any person who acquires rights to the property prior to perfection. *See In re Garner*, 208 B.R. 698, 700-01 (Bankr. N.D. Cal. 1997); *In re Stork*, 212 B.R. 970, 971 (Bankr. N.D. Cal. 1997).

Pursuant to California Civil Code Section 2924h(c), a purchaser of property at a foreclosure sale who records its trustee's deed within 15 days of the sale will prevail against any other party that obtains an interest in the property after the foreclosure sale. Cal. Civ. Code § 2924h(c). Therefore, perfection under Section 2924h(c) qualifies as an exception under Section 362(b)(3) of the Bankruptcy Code and does not violate the automatic stay. *See In re Garner*, 208 B.R. at 700-01; *In re Stork*, 212 B.R. at 971.

That the post-petition issuance and recordation of a trustee's deed under Section 2924h(c) does not violate the stay is also unequivocally supported by the case law. In *Stork*, the court provided the same analysis and concluded that "recordation of a foreclosure sale deed [under California Civil Code § 2924h(c)] within fifteen days of the sale does not violate the automatic stay and is not avoidable . . . ." *In re Stork*, 212 B.R. at 971. Furthermore, in *Garner* the court stated that Section 2924h(c) is just the type of statute contemplated in Section 546(b), and that perfection of an interest in debtor's property thereunder does not violate the automatic stay. *In re Garner*, 208 B.R. at 700-01 (neither the post-petition issuance or recordation of trustee's deed violates the automatic stay).

In addition, the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP")—in affirming an order of this Court—held that the post-petition recordation of a trustee's deed within the timeframe set forth under Section 2924h(c) divests the debtor of any interest in the property as of the date of the sale. *See In re Bebensee-Wong*, 248 B.R. 820, 823

IR01DOCS\494927.2

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR RELIEF FROM STAY; CHAPTER 11 CASE

(B.A.P. 9th Cir. 2000) (affirming order of Judge Christopher Klein). In *Bebensee-Wong*, the debtor's residence was sold at trustee's sale 12 days prior to the filing of the debtor's chapter 13 petition. *Id.* at 821. Two days after the filing, but within the 15-day window under Section 2924h(c), the purchaser recorded its trustee's deed. *Id.* The debtor failed to vacate the premises and the purchaser moved for relief from the automatic stay to pursue an unlawful detainer action arguing the debtor had no interest in the property by virtue of the timely recordation of the trustee's deed. *Id.* This Court held that the debtor had no interest in the property after timely recordation of the trustee's deed, and granted the purchaser relief from the automatic stay. *Id.*

On appeal, the BAP noted that, as discussed above, post-petition recordation of a trustee's deed within the timeframe set forth in Section 2924h(c) perfects a pre-petition trustee's sale and does not violate the automatic stay. *Id.* at 822 (quoting *In re Stork*, 212 B.R. at 971). In upholding this Court's grant for relief from the automatic stay to allow the purchaser to continue with the unlawful detainer action, the court stated:

> In the case before us, fourteen days following the trustee's sale, [the purchaser] recorded the Trustee's Deed Upon Sale. Therefore, pursuant to Civil Code § 2924h(c), the trustee's sale became perfected at 8 a.m. on the day of the sale. Because this day was twelve days before the debtor's petition, perfection occurred before the filing, even though [the purchaser] recorded postpetition. *Thus, the debtor had no interest in the property at the time of her petition.* Therefore, the court did not abuse its discretion in granting [the purchaser] relief from the automatic stay.

*Id.* at 823 (emphasis added). Accordingly, issuance and recordation of a trustee's deed within the timeframe set forth in Section 2924h(c) does not violate the automatic stay, operates to perfect the pre-petition trustee's sale, and divests a debtor of any interest in the property as of time of its petition. *See id.*

In this case, the trustee's sale occurred at 10:14 a.m., and the Debtor did not file its petition for relief until 22 minutes later at 10:16 a.m. Pursuant to Section 2924h(c), the sale became final prior to commencement of this Chapter 11 case. *See Garner*, 208 B.R. at 700 ("[T]he plain language of section 2924h(c) provides that the sale is final when the

5

highest and last bid is accepted."). Accordingly, the post-petition issuance and recordation of trustee's deed to perfect the pre-petition foreclosure sale of the Property under Section 2924h(c) on or before July 5th, 2011 does not violate the automatic stay.

### B. To the Extent The Automatic Stay Does Apply To The Issuance And Recordation Of A Trustee's Deed Under California Civil Code § 2924h(c), Stay Relief Is Appropriate For Cause.

Section 362(d) of the Bankruptcy Code provides that the "court shall grant relief from the stay ... such as by terminating, annulling, modifying, or conditioning such stay (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d)(1). "When a purchaser receives equitable title at a [foreclosure] sale, but legal title remains in a debtor, and the debtor thereafter files for bankruptcy, cause exists to lift the stay to allow the equitable owner to gain legal title." *In re Engles*, 193 B.R. 23, 26 (Bankr. S.D. Cal. 1996) (citing *In re Golden*, 190 B.R. 52, 58 (Bankr. W.D. Pa. 1995); *In re Donovan*, 183 B.R. 700, 702 (Bankr. W.D. Pa. 1995); *In re Spencer*, 115 B.R. 471, 485 (D. Del. 1990); *In re Lally*, 38 B.R. 622, 626 (Bankr. N.D. Iowa 1984); *In re Shirley*, 30 B.R. 195, 196 (Bankr. D. Md. 1983).

In *In re Engles*, 193 B.R. 23 (Bankr. S.D. Cal. 1996), the court granted relief from the automatic stay to permit the recordation of a trustee's deed under Section 2924h(c) on precisely the same facts as are present in this case. In that case, the debtor's property was sold at a trustee's sale *four minutes* prior to the filing of the debtor's petition. *Id.* at 25. The trustee under the deed of trust refused thereafter to issue and record the deed for fear of violating the automatic stay. *Id.* The court determined that the debtor retained only *legal* title to the property until recordation of the trustee's deed, and that in such cases "cause exists to lift the stay to allow the equitable owner to gain legal title." *Id.* at 26. Indeed, the court concluded:

> "[T]he trustee need only apply to the Court to obtain relief from the automatic stay to grant the successful bidder a deed. Absent extraordinary circumstances, cause would exist to permit the granting of a deed." Of all the reasons provided for this conclusion, the most persuasive is to unite legal

IR01DOCS\494927.2                                6
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR RELIEF FROM STAY; CHAPTER 11 CASE

title with equitable title when title is split and the debtor holds only legal title. In these instances, the debtor has no beneficial interest in the property, and legal title alone is of little or no value to the estate.

*Id.*

*In re Garner*, 208 B.R. 698 (Bankr. N.D. Cal. 1997), is also instructive. There, the debtor's property was sold at a trustee's sale, and the debtor filed its petition for relief the following day. *Id.* at 699. The trustee's deed was thereafter issued and recorded within 15 days of the trustee's sale. *Id.* The court, holding that the automatic stay does not apply to the issuance and recordation of a trustee's deed under Section 2924h(c), concluded that any interest the debtor retained in the property was a "bare possessory interest" that had no value to the estate. *Id.* at 701. Accordingly, the court granted stay relief. *Id.*

To the extent the Debtor retains any interest in the Property after the foreclosure sale, such interest is a "bare possessory interest" that is of no value to the bankruptcy estate. *See In re Engles*, 193 B.R. at 26; *In re Garner*, 208 B.R. at 701. Absent extraordinary circumstances (which do not exist here), established case law clearly provides that the automatic stay should be lifted for cause to allow Roseville (the beneficial interest holder) to gain legal title to the Property. Accordingly, the Motion should be granted.

## IV. CONCLUSION

Based on the foregoing, Roseville respectfully requests that the Court enter an Order: (i) lifting the automatic stay to the extent applicable to permit First American Title Insurance Company, and any successors or assigns, to issue and record the trustee's deed upon sale to fully perfect Roseville's ownership interests in the Property pursuant to the foreclosure sale; (ii) permitting Roseville to take any other action that may be necessary to perfect its title to the Property pursuant to California Civil Code Section 2924h(c); (iii) waiving the 14-day waiting period under Federal Rule of Bankruptcy Procedure 4001(a)(3); and (iv) granting any other and further relief that may be necessary or appropriate under the circumstances.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

| | |
|---|---|
| Dated: June 24, 2011 | **BRYAN CAVE LLP**<br>H. Mark Mersel<br><br>By: /s/ H. Mark Mersel<br>H. Mark Mersel<br>Attorneys for Roseville Portfolio MSCI 2006-HQ8 LLC |